IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KELVIN BROWN,

    Plaintiff,

vs.                                       Case No. 4:14cv193-MW/CAS

LT. WILLIAM PARRAMORE,
SGT. K. MEADOWS,
LT. L. DAVIS,
and OFFICER T. SAILOR,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed three motions on April 8, 2015. Doc. 45-47. Two motions were denied, the motion for enlargement of time, doc. 45, and the motion for a continuance, doc. 46, in an Order entered on April 13, 2015. Doc. 48. Ruling was deferred, however, on Plaintiff's third motion, doc. 47, a "Motion for Order of Injunction." Plaintiff requests an order that keeps Defendant Davis "from having any further power and/or custody over [Plaintiff's] legal material . . . ." *Id.* Plaintiff contends Defendant Davis "has constant access" to his legal material and often reads or briefs the material before making copies. *Id.* Defendant Davis has filed a response to the motion, doc. 49, and ruling is now appropriate.

Plaintiff's motion has been filed in a case in which Plaintiff challenges a use of force as unnecessary and excessive.  Plaintiff also contends he was denied medical care after the use of force, and then denied due process in the disciplinary hearing which followed the use of force.  Doc. 14.

The motion for an order of injunction is brought solely as to Defendant Davis.  Doc. 47.  Plaintiff contends that Lt. Davis has "constant access" to his legal material and reads it before making copies.  *Id.*  Plaintiff alleged that Lt. Davis has been an "undue hindrance" and has caused delay in his access to the courts.  *Id.*  Plaintiff provided no specific examples of any harm or delay, making only bare and conclusory assertions that an injunction is needed to prohibit Lt. Davis "from having any further power an/or custody over his legal material and anything pertaining thereof . . . ."  *Id.*

Defendant Davis has responded to the motion, pointing out that he is a Lieutenant with the Sheriff's Office and is assigned to the Leon County Jail.  Doc. 49 at 1-2.  "As part of his duties, Lt. Davis routinely provides inmates housed" at the Jail with "access to legal materials maintained for inmates housed in that facility."  *Id.* at 2.  Lt. Davis makes copies of legal documents pursuant to inmate requests, but states that he "does not read or review the documents he copies for Plaintiff."  *Id.*  "He simply makes the copies on the copier at the Leon County Jail and provides the copies to Plaintiff, Kelvin Brown."  *Id.*

Accompanying the response from Defendant Davis is an "Event Log" which shows the number of legal copies that have been provided to Plaintiff while at the Jail.  Doc. 49, Ex. 3 (doc. 49-1 at 9).  As of April 2015, Plaintiff has been provided 1,649 copies.  Furthermore, despite rules which provide that an inmate is only to receive 50

pages of legal material each week, *see* doc. 49, ex. 3 (doc. 49-1 at 6), Plaintiff has frequently been provided more copies.[1]  A separate "Inmate Event Log" reveals that in addition to Plaintiff having been provided legal copies, he has been provided access to a Lexis Nexis computer for legal research.  Doc. 49, Ex. 3 (doc. 49-1 at 10-16).

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

   (1) a substantial likelihood of success on the merits;

   (2) a substantial threat of irreparable injury unless the injunction issues;

   (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

   (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

---

[1] The log reveals that Plaintiff received: 59 copies on August 15, 2014; 74 copies on October 13, 2014; 71 copies on November 12, 2014; 314 copies on December 22, 2014, plus an additional 48 more on the same day; 96 copies on January 6, 2015; 68 copies on March 6, 2015; 318 copies on March 17, 2015; 71 copies on April 1, 2015, and 191 copies on April 6, 2015.  Doc. 49, Ex. 3 (doc. 49-1 at 9).

(11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff has not shown each of the four prerequisites. First, Plaintiff's motion is unrelated to the issues raised in this case and, as such, does not show that Plaintiff has a substantial likelihood of success on the merits. Second, Plaintiff has not shown a substantial threat of irreparable injury because Plaintiff has not shown any injury. Plaintiff alleged that he has experienced delay, but delay is not irreparable. Plaintiff is permitted to file a motion requesting an enlargement of time if there is reason to do so, and he shows good cause for the request. Moreover, the "Event Log" demonstrates that Plaintiff has received a multitude of legal copies and been able to perform legal research. Plaintiff has not shown harm from Defendant Davis. Third, Plaintiff has not shown that any threatened injury to himself outweighs whatever harm the proposed injunction would cause the opposing party. Rather, the harm is significant for Defendant Davis if Plaintiff's motion for an injunction were granted. Plaintiff is an inmate at the Jail and Defendant Davis is employed there. The official duties of Defendant Davis require him to have interaction with Plaintiff. Harm would be great to Defendant Davis and all other jail officials if a prisoner could provide bare and conclusory allegations[2] against a jail official and use that as a basis to have the official enjoined from "having any further power" over the prisoner or his belongings. Absent allegations of personal injury or malice by a guard or jailer, a court should not interfere with the day to day operations or administration of a jail. Plaintiff's "Motion for an Order of Injunction," doc. 47, should be denied.

---

[2] Plaintiff's motion was not supported by an affidavit or verified complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Order of Injunction," doc. 47, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 22, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**